## THE KENTONIA.

(District Court, D. New Jersey.   October 17, 1905.)

COLLISION—WRECKING OF MOORED YACHT IN STORM—INEVITABLE ACCIDENT.

A yacht moored to a spile in the mooring grounds of a yacht club, which was driven on shore and wrecked in a storm, *held*, under the evidence, not to have been caused to break loose by being fouled by another yacht, which dragged her anchors and was driven ashore, but that the injury to both was due to the extreme severity of the storm, and must be attributed to inevitable accident.

In Admiralty.   Suit for injury to vessel.

George R. Beach, for libelant.

James F. Minturn, for respondent.

LANNING, District Judge.   This cause comes before the court upon a libel and cross-libel.   It appears that on September 16, 1903, the libelant's yacht Naomi was moored to a spile on the mooring grounds of the Pavonia Yacht Club in New York Bay, and that the Kentonia was anchored on the same grounds a short distance from the Naomi. Toward noon of September 16th there arose a storm so fierce that about a dozen vessels anchored and moored in the vicinity of the Naomi and the Kentonia were driven to and wrecked on the shore.   Seven vessels belonging to members of the Pavonia Yacht Club, including the Naomi and Kentonia, were among the number.   The libelant insists that the Kentonia dragged her anchors and fouled the Naomi, causing the Naomi to break from her mooring and to drift, with the Kentonia pounding her, until the Naomi struck the shore and sunk.   The evidence does not satisfy me that the Kentonia struck the Naomi while the Naomi was moored to her spile.   No witness saw the vessels in contact with each other until after the Naomi had drifted some distance from the place where she had been moored.   As above stated, other vessels in the same storm broke from their moorings.   It is as reasonable to infer that the Naomi was forced from her mooring by the severity of the storm as by the pounding of the Kentonia.   Furthermore, the evidence shows quite satisfactorily that reasonable provision was made to secure the Kentonia at the place where she was regularly anchored.   Just before the storm struck the Kentonia, it appears that an additional 250 pound anchor was thrown out from her.   The testimony shows that the two anchors which she then had were amply sufficient to hold her in any ordinary storm, and even in most extraordinary storms.

I can find no rule of admiralty law that would justify me in holding the Kentonia liable for damage to the Naomi in the circumstances of this case.   The witnesses on both sides agree that the storm was cyclonic in its nature, and several of them declare they had never known so severe a one.

My conclusion is that the damages sustained by the Naomi and the Kentonia should be regarded as the result of inevitable accident, and that both the libel and the cross-libel should be dismissed.